FROUG-SMULLION & COMPANY *v.* PULASKI COUNTY.

Opinion delivered May 6, 1912.

1.   TAXATION—MERCHANT ENGAGING IN NEW BUSINESS.—Where a merchant, after the regular annual assessment of his stock was made,

purchased new goods and removed a lot of shop-worn goods to an adjoining store for sale, he is not engaged in a "new business" within Kirby's Digest, section 6969, requiring the assessor to make an extra assessment thereof. (Page 399.)

2.  SAME—ASSESSMENT OF MERCHANDISE.—Kirby's Digest, section 6916, contemplates that a merchant in listing his property for taxation and in estimating the value thereof, shall take the average value of such property in his possession or under his control during the year preceding the first Monday in June of the year in which the assessment is made. *Held,* that it is immaterial that a merchant, after his assessment was made, purchased more goods and placed them in his store, since they would be considered in making the assessment for the succeeding year. (Page 400.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; reversed.

### STATEMENT BY THE COURT.

In June, 1909, the appellants filed their assessment lists of personal property located at 121-123 Main Street, Little Rock, Arkansas, in the sum of $18,000 with the assessor of Pulaski County, and the assessment was by him entered on the assessment rolls of Pulaski County.

In October, 1909, the assessor made an additional assessment upon appellants of $5,000 on account of a certain stock of merchandise located in the Fones building, at the corner of Second and Main streets, in Little Rock. This additional assessment was made under section 6969 of Kirby's Digest on the ground that the stock of goods was a new business within the meaning of that section of the statute. Appellants filed their petition in the county court to have said assessment reduced. The petition was denied, and an appeal was taken to the circuit court. In the circuit court the case was tried upon an agreed statement of facts, which is substantially as follows:

Appellants are citizens and residents of Pulaski County, Arkansas. On or prior to the 1st day of May, 1909, they were the owners of a stock of merchandise in the city of Little Rock, at 121-123 Main Street, consisting of dry goods, clothing, notions, etc., which they had purchased from the M. H. Benson Dry Goods Company for $18,000.

In June, 1909, they were assessed on account of personal property in the sum of $10,000 which amount of assessment

was placed on the assessment rolls of Pulaski County. In October, 1909, they leased for a short time the old Fones hardware building at the southwest corner of Main and Second streets and carried over to it a lot of shelf-worn and unseasonable articles of merchandise from their store at 121-123 Main Street for the purpose of disposing of them at a sacrifice. They had no goods in the old Fones building except such old stock as they carried there from their building at 121-123 Main Street. What new goods they had purchased were placed in the store at 121-123 Main Street, and no new goods whatever were carried to the old Fones building. The circuit court found that the business conducted in the Fones building was new business, under section 6969 of Kirby's Digest, and was therefore subject to assessment. From the judgment rendered appellants have duly prosecuted their appeal.

*Joseph Loeb,* for appellant.

The facts show conclusively that the stock of goods moved to the Fones building was not a new business within the meaning of the statute, and that to allow the second assessment to stand would result in double taxation. Kirby's Digest, § 6969.

*Geo. L. Basham,* for appellee.

HART, J., (after stating the facts). Section 6969 of Kirby's Digest, under which the assessment in question was made, is as follows:

"It shall be the duty of the county assessor in each county, whenever any person shall commence any new business within the limits of the county after the regular time for the assessment of taxes shall have expired and the assessment books shall have been filed with the county clerk, to assess the value of such business and merchandise, and he shall make an extra assessment thereof, and file the same with the clerk, who shall thereupon place the same upon the tax books and extend the taxes thereon, and the collector shall proceed to collect said tax, the same as other taxes; provided, that no person shall be compelled to pay taxes on the same property twice in any one year."

We do not think that the business at the Fones Brothers' store was a "new business," within the meaning of the statute

just quoted. It was conducted by the employees of the appellants who are in their regular employment at the store at 121-123 Main Street; no separate books were kept, and the cash taken during the day was each night carried over to the store at 121-123 Main Street. No new goods were purchased and carried into the Fones building, and the testimony shows that all the goods that were carried there and sold were old shop-worn goods which appellants had purchased from the M. H. Benson Dry Goods Company in 1908, and had carried there from their store at 121-123 Main Street. These goods had already been assessed by appellants in their assessment made in June, 1909. Under this state of facts, we do not think the business conducted in the Fones building was a new business, within the meaning of section 6969 of Kirby's Digest. Moreover, the concluding part of the section provides that no person shall be compelled to pay taxes on the same property twice in one year, and, as we have already shown, the goods carried to the Fones building had already been assessed for taxation by appellants in the assessment they made in June, 1909.

Section 6916 of Kirby's Digest, under which the original assessment of appellants was made in June, 1909, contemplates that a merchant in listing his property for taxation and in estimating the value thereof shall take the average value of such property in his possession, or under his control during the year immediately preceding the first Monday in June of the year in which the assessment is made. Hence it can not make any difference that appellant, after the assessment was made, purchased more goods and placed them in the store at 121-123 Main Street, for that would be taken into consideration in making the average of their assessment for the succeeding year.

It follows that the judgment should be reversed, and the cause remanded with directions to the circuit court to grant prayer of the petition and for further proceedings according to law.